**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1631**

---

ELSIE INA DOUE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-290-380)

---

Submitted: December 16, 2005          Decided: January 6, 2006

---

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Jay S. Marks, MARKS & KATZ, LLC, Silver Spring, Maryland, for Petitioner. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Elsie Ina Doue, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture, and denying her motion to remand.

In her petition for review, Doue challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Doue fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Doue's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Doue fails to show that she

is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Doue fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that Doue failed to make the requisite showing before the immigration court.

Finally, we find that the Board did not abuse its discretion in finding that Doue failed to meet the requirements for filing an ineffective assistance of counsel claim as set forth in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988). We therefore uphold the Board's denial of Doue's motion to remand.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED